# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman SHAWN J. PARKER
### United States Air Force

## ACM S32148

## 29 October 2014

Sentence adjudged 12 April 2013 by SPCM convened at Davis-Monthan Air Force Base, Arizona. Military Judge: Martin T. Mitchell.

Approved Sentence: Bad-conduct discharge, confinement for 42 days, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Major Roberto Ramírez and Gerald R. Bruce, Esquire.

Before

HECKER, SARAGOSA, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

SARAGOSA, Judge:

Contrary to his pleas, the appellant was convicted by officer and enlisted members sitting as a special court-martial of one specification of being absent without leave (AWOL) and one specification of dereliction of duty for misuse of his government-issued credit card, in violation of Articles 86 and 92, UCMJ, 10 U.S.C. §§ 886 and 892.[1] He was sentenced to a bad-conduct discharge, confinement for 42 days, and reduction to E-1. The convening authority approved the sentence as adjudged.

---

[1] One charge and two specifications of wrongful use of "spice" were withdrawn after presentation of the Government's case.

On appeal, the appellant asserts that the staff judge advocate's recommendation (SJAR) misadvised the convening authority and that his sentence is inappropriately severe.[2] Finding no error materially prejudicial to a substantial right of the appellant occurred, we affirm.

*Background*

In February 2013, the appellant was in the process of separating from active-duty. He was scheduled to attend briefings associated with his transition to civilian status and had not yet begun his terminal leave. Between 12 February 2013 and 21 February 2013, the appellant failed to attend his scheduled out-processing briefings and also failed to report to his place of duty. His unit began efforts to locate the appellant to verify his status and to ensure his well-being. As of 21 February 2013, he was back in contact with his unit and admitted himself to the hospital for mental health treatment.

Additionally, between 8 November 2012 and 22 January 2013, the appellant began continuous use of his government-issued credit card for personal use. While he used the card repeatedly for convenience store purchases and cash withdrawals, the largest expense was a charge incurred for a rental car in excess of $7,000.00. The unpaid balance on his government-issued credit card was over $9,000.00. In a statement made after rights advisement, the appellant said he used the government-issued credit card to purchase food, gas, and a rental car needed after his vehicle broke down on a trip to visit his children in another state. He indicated that he had already paid $1,500.00 towards the balance due on the credit card. The appellant contended he was in a state of depression brought on by relationship problems and a pending divorce. He also offered that he was suffering from suicidal ideations that caused him to cut himself off from friends, family, and co-workers until he surrendered himself to an emergency room at the end of his AWOL period.

*Staff Judge Advocate's Recommendation*

The appellant argues the SJAR misadvised the convening authority because the attached Report of Result of Trial (ROROT) inaccurately stated that the original Specifications 1 and 2 of Charge II were "withdrawn after defense motion to suppress evidence." We disagree.

Specifications 1 and 2 of Charge II alleging wrongful possession and use of Spice in violation of Article 92, UCMJ, 10 U.S.C. § 892, were referred to the special court-martial and the appellant was arraigned on these specifications prior to entry of pleas. The military judge then granted motions to suppress evidence obtained from the

---

[2] Sentence appropriateness is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

appellant's bedroom and his rental car, a confession by the appellant, and statements the appellant made regarding the rental car. While the military judge's rulings suppressed what appeared to be a significant amount of evidence the prosecution desired to admit, trial counsel took no action to withdraw these specifications at that time. After the rulings on the motions, the appellant entered his pleas of not guilty to all specifications.

Following the presentation of all evidence and the resting of the Government's case, the appellant raised a motion for a finding of not guilty as to Specifications 1 and 2 of Charge II pursuant to Rule for Courts-Martial (R.C.M.) 917. This motion was never ruled upon by the military judge as it became moot when trial counsel announced that the Government was withdrawing those specifications.[3]

The ROROT prepared following the court-martial reflected the disposition of those specifications as "withdrawn after defense motion to suppress evidence." The ROROT was an attachment to the SJAR. The appellant contends this "misrepresented the factual outcome of the trial" to the convening authority, and that he should have been told "his legal office went forward on a specification that he referred, without any evidence" to support it.

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Failure to comment in a timely manner on matters in the SJAR, or on matters attached to the SJAR, forfeits[4] any later claim of error in the absence of plain error. Rule for Courts-Martial 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Here, the appellant expressly declined to submit clemency matters and made no objections to the SJAR. As such, he forfeited this issue, and we apply a plain error analysis. "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65).

In this case, we find no error, plain or otherwise. The motion for a finding of not guilty was rendered moot by the withdrawal of specifications 1 and 2 of Charge II. It

---

[3] At this point the specifications were renumbered.

[4] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, __ M.J. __ ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

would be inaccurate to suggest the withdrawal was a result of a ruling on a motion to suppress. While the withdrawal did not *immediately* follow the ruling on the defense motions to suppress, the specifications were indeed withdrawn *after* the defense motion to suppress evidence and the Government's apparent realization that their presentation of evidence in the case in chief was deficient. We do not find this to be inaccurate or amount to plain error.

Furthermore, even if there was some inaccuracy, the appellant has made no colorable showing of any possible prejudice as a result of such an error. The SJAR itself did not provide any erroneous advice to the convening authority on his options on approving the sentence. We do not find a showing of any possible prejudice to the appellant as to the action taken on his sentence for those offenses of which he was found guilty.

*Sentence Appropriateness*

This court has the authority to review sentences pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c), and to reduce or modify sentences we find inappropriately severe. We review sentence appropriateness de novo. *United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F. 2005). Generally, we make this determination in light of the character of the offender and the nature and seriousness of his offense. *United States v. Mamaluy*, 27 C.M.R. 176, 181 (C.M.A. 1959). Our duty to assess the appropriateness of a sentence is "highly discretionary," but does not authorize us to engage in an exercise of clemency. *United States v. Lacy*, 50 M.J. 286, 287 (C.A.A.F. 1999); *United States v. Healy,* 26 M.J. 394, 395–96 (C.M.A.1988).

The appellant suggests that his sentence is inappropriately severe because it is disproportionate to the charged offenses and failed to reflect consideration for his "long history of receiving recognition for his meritorious service." After review of the entire record of trial in this case, we cannot say that the adjudged sentence is inappropriately severe. The appellant knowingly used his government-issued credit card over a period of months for personal use, including rental car expenses exceeding $7,000.00. While his mental state and depression are factors in extenuation and mitigation, he also intentionally absented himself from his place of duty for an extended period of time. After carefully examining the submissions of counsel and taking into account all of the facts and circumstances surrounding the appellant's crimes, we do not find the appellant's sentence inappropriately severe.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a)

and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).  Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court